**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EDWARD S. LEWIS

    Plaintiff

           v.                                 **Civil No. 10-1299 (SEC)**

ELI BELENDEZ SOLTERO

    Defendant

**OPINION AND ORDER**

    Pending before the Court is Plaintiff Edward S. Lewis' ("Plaintiff") Motion for Summary Judgment (Dockets ## 16 & 17), and Defendant Eli Belendez Soltero's ("Defendant") response thereto (Docket # 27). After carefully considering the filings, the evidence on the record, and the applicable law, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**Procedural Background**

    On April 9, 2010, Plaintiff filed the present suit against Defendant under diversity jurisdiction, for breach of contract and collection of monies. Docket # 1. In the complaint, Plaintiff seeks a judgment in the principal amount of $100,000 plus costs and accrued interest at the rate of 8% until payment, as agreed in the Promissory Note signed by the parties. Plaintiff also moved for a writ of attachment ordering the pertinent section of the Registrar of the Property to record and levy an attachment upon Defendant's property in Vieques, PR to secure the aforementioned loan. Docket # 3. Defendant answered the complaint (Docket # 11), and filed an opposition to Plaintiff's motion for writ of attachment (Docket # 15).

    Shortly thereafter, Plaintiff filed the present motion, essentially arguing that the loan was due and payable as a result of Defendant's failure to comply with the Promissory Note's conditions. Docket # 16. Defendant opposed. Docket # 27.

**CIVIL NO. 10-1299 (SEC)**                                                                 Page 2

On August 24, 2010, this Court granted Plaintiff's request for a writ of attachment. Docket # 31. Accordingly, the Registrar of the Property, Section of Fajardo, was instructed to record and levy an attachment on Defendant's property as described in the Promissory Note. The corresponding writ was issued on September 1, 2010. Docket # 32.

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(citing Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

**CIVIL NO. 10-1299 (SEC)**                                                              Page 3

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (citing Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

"The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8 (citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Applicable Law and Analysis**

The relevant uncontested facts are as follows. On August 4, 2009, Plaintiff disbursed a loan to Defendant in the principal amount of $100,000.00. Docket # 17, ¶ 10. Belendez signed, executed and delivered a Promissory Note agreeing to repay said loan to Plaintiff by August 4, 2010, with interest thereon at the rate of 8.00% per annum until final and complete payment.

**CIVIL NO. 10-1299 (SEC)**  Page 4

---

Id. at ¶ 3 & 10. Plaintiff is the current holder of said note. Id. at ¶ 18. Pursuant to the Promissory Note, Defendant agreed to secure the loan with a second mortgage on his property Quinta Jacaranda, located at Sector La Mina, Puerto Real, Vieques, within a 30 day period after the signing, execution and delivery of the Promissory Note. Id. at ¶ 4 & 11. The Promissory Note explicitly required that the debtor secure the loan with a mortgage within 30 days of the signing and delivery of the Promissory Note; failure to do so and cure the default within 30 days notice, would lead to the acceleration of the loan. Id. at ¶ 9.

On February 25, 2010, via electronic mail and by Certified Mail Receipt Request,[1] Defendant requested that Plaintiff secure the payment of the loan within 30 days with the second mortgage as agreed in the note. Id. at 13. Defendant failed to secure the loan with the second mortgage and failed to cure the default within said 30 day period. Id. at ¶ 5. As a result thereof, the principal amount of $100,000 with interest at the rate of 8.00% became due and payable to Plaintiff. Id. at ¶ 6. Defendant has not paid Plaintiff the principal amount of $100,000 and applicable interest. Id. at ¶ 7 & 15.

According to Defendant, his title to Quinta Jacaranda has not been recorded by the Registrar of the Property because of errors and omissions in deeds related to said property and other previously segregated lots from the same land. Docket # 27-1, p. 3. He further points that the property has not been mortgaged in favor of any other party, since his request to record the property is still pending. Id. at p. 5. Defendant notes that Plaintiff was aware of the problems faced with the recording of the property since he consulted Plaintiff's counsel on this matter before the present suit was filed. Id. at p. 6. Lastly, he avers that there is no closing date for the sale of the property. Id. at p. 5.

---

[1] The notification was also delivered to Defendant's postal address on the March 1, 2010. Id. at 14.

**CIVIL NO. 10-1299 (SEC)**                                                                 Page 5

Upon reviewing the record, this Court finds that insofar as the Promissory Note's due date was August 4, 2010, the loan is now due and payable. The controversy as to whether Defendant did in fact make reasonable efforts to register the property, and to secure a second mortgage in Plaintiff's favor is now moot for purposes of determining Defendant's obligation to pay the loan. Under the Promissory Note, there is no additional penalty for failure to secure the second mortgage aside from making the obligation due and payable without further notice or demand. Therefore, Defendant is obligated to pay Plaintiff the loan amount plus the applicable interest. Accordingly, Defendant shall pay Plaintiff the loan in the amount of $100,000 plus 8% interest as of August 10, 2010 and $21.91 daily until paid in full. This does not, however, affect the writ of attachment previously issued by this Court.

**Conclusion**

Based on the foregoing, Plaintiff's motion for summary judgment is **GRANTED.**

In San Juan, Puerto Rico, this 19th day of October, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge